# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

Case No._____

Roy W. Brooks,

      Plaintiff,                         COMPLAINT

    V.

Sterling Infosystems, Inc.

      Defendants.

1.      Plaintiff Roy W. Brooks brings this action against Sterling Infosystems, Inc. ("Sterling"), to redress systemic, willful, and negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. Sterling has a documented history of failing to ensure the maximum possible accuracy of consumer reports and failing to provide legally required notices when furnishing consumer reports for employment purposes.

2.      Despite previous enforcement actions, including a 2019 Consent Order issued by the Bureau of Consumer Financial Protection (CFPB), Sterling has continued to engage in the same unlawful conduct throughout the past decade. Plaintiff suffered direct and substantial harm because of these practices, including the loss of employment and reputational damage.

3.      Plaintiff also brings this action against the defendant under subsection 1054 and 1055 of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. subsection 5564, and 5565, subsection 621(b)(1)(H) of the Fair Credit Reporting Act("FCRA"), 15 U.S.C. subsection 1681s(b)(1)(H), to obtain permanent injunctive relief, civil money penalties, and other relief for violations of subsection 605(a), 607(b), and 613(a) of the FCRA, 15 U.S.C. subsections 1681c(a), 1681e(b) and 1681k(a).

## JURISDICTION AND VENUE

4.      This Court has subject- matter jurisdiction over this action because it is brought under Federal Consumer Financial Law, 12 U.S.C. subsection 5565(a)(1); presents a federal question, 28 U.S.C. §1331; as this action arises under the Fair Credit Reporting Act, a federal law.

5.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District, Plaintiff resides here, and Defendant regularly conducts business within North Dakota.

# PARTIES

6.      Plaintiff Roy W. Brooks ("Plaintiff") is a natural person and resident of Bismarck, North Dakota.

7.      Defendant Sterling Infosystems, Inc. ("Sterling") is a privately held corporation headquartered in New York and incorporated in Delaware. At all times relevant to this complaint, Defendant has done business in this District. Defendant conducts searches of public records in this District and prepares background reports on consumer applicants living and working in this District. It also does business throughout the United States.

8.    At all times relevant to this complaint, Defendant has been a "consumer reporting agency" under subsection 603(f) of the FCRA, 15 U.S.C. subsection 16871a(f). Defendant has been engaged primarily in the business of generating and providing background-screening reports to clients throughout the United States with respect to consumers who applied for an employment opportunity with a client and who were the subject of the background-screening report generated by the Defendant ("Applicant"). At all times relevant to this complaint, the background- screening reports that Defendant has prepared are generally "consumer reports" under subsection 603(d) of the FRCA, 15 U.S.C. subsection 1681(d).

# FACTUAL ALLEGATIONS

9. Sterling has a well-documented history of systemic failures to comply with the FCRA. Notably:

   a. In 2017, Sterling entered a $5.9 million settlement in Ridenour v. Sterling Infosystems, Inc., resolving claims that it failed to ensure accurate consumer reports.

   b in 2019, Sterling agreed to an $8.5 million resolution with the CFPB, including $6 million in consumer relief and $2.5 million in civil penalties, addressing similar violations.

   c. In 2024, Sterling settled the Fernandez Forestal v. SH Group & Sterling case for $630,000.

   d. In May 2025, Sterling settled the Grissom v. Sterling Infosystems, Inc. case for $2.5 million, which included injunctive relief requiring Sterling to change its SSN Trace matching practices.

10. Despite these actions and repeated promises to reform, Sterling continues the same unlawful conduct. Sterling prepared a background report on Plaintiff that contained outdated, false, and inaccurate information, including criminal charges and alias names resulting from identity theft.

11. Plaintiff's employer relied on this inaccurate report and terminated Plaintiff without providing pre-adverse action notice or an opportunity to dispute the report, in direct

violation of the FCRA. On March 26, 2025, Plaintiff received a pre-adverse action notice and background report from my employer, Aimbridge Hospitality, which was based on a report prepared by Sterling. That report contained the following critical and materially false information:

a.        False Association with Criminal Records of Others (Identity Theft Not Accounted For): Sterling included aliases and associated criminal records that belong to individuals who have stolen my identity. These offenses occurred in New York, Georgia, and North Carolina—jurisdictions where I have never resided or committed any offense. Sterling failed to conduct proper verification despite having access to identifiers such as my verified Social Security Number and date of birth.  Consumer reporting agencies may not report outdated negative information. Sterling's report contains information that is beyond the FCRA which governs no reporting of negative information beyond seven (7) years. In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old The report defendant's submitted to their client pertaining to the Plaintiff, contained multiple erroneous criminal convictions that were not committed by the Plaintiff, and which were beyond the consumer reporting guidelines of seven years, and were also of alias names that do not belong to the Plaintiff.  Plaintiff's identity theft is documented and verified by Homeland Security during a passport application, where I was physically interviewed by agents from Homeland Security. Had the defendants conducted a proper consumer report aligned with the reforms they agreed to as recent as 2025 and as far back as 2019 which is applicable to this day, in the settlement with the CFPA. This misinformation reporting would not have occurred.

b.      Inaccurate and Damaging Classification Labels ("Level" Designation): The report improperly assigned a "Level 3" classification regarding a sex offender registry status. This is wholly inaccurate and defamatory. Plaintiff 's registration status in North Dakota is Level 1, which is the lowest risk classification. Sterling's misrepresentation has destroyed Plaintiff's employment opportunity.

c.      Failure to Verify and Ensure Accurate Reporting: Sterling failed in its statutory duty under the FCRA to use reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports (15 U.S.C. § 1681e(b)).

d.      Failure to Provide Pre-Adverse and Dispute Opportunity as Required: Plaintiff was not given adequate time to dispute the report before it was relied upon for a decision. Defendant submitted the report it generated to their client and because of this false report, Plaintiff was abruptly terminated while at the place of employment with Aimbridge Hospitality by the Assistant Director with no opportunity to rebut the errors.

12.    Sterling's report dated March 26, 2025, (attached as Exhibit A) defies "following reasonable procedures to assure maximum possible accuracy of the criminal-record information in its consumer report."

13. Even if to assume the Defendant provided adequate time, the damage had already been done by virtue of their submission of the Consumer Report. Moreover, it isn't the Plaintiff's obligation to correct their erroneous information first. Defendants provide a service to which they are paid to provide a true Consumer Report to their client.

## Failure to Employ Reasonable Procedures to Assure Maximum Possible Accuracy

14. Section 607(b)of the FCRA provides that whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. subsection 1681e(b).

- 15. The Consumer Report that the Defendant reported on the Plaintiff was erroneous adverse and contained out-of-date items of information about the Plaintiff. These errors were the direct result in the termination of Plaintiff's employment, missing economic opportunities and employment harm in the future.

## Reporting of Outdated Adverse Information

16. Unless an exemption in subsection 605(b) of FCRA applies, subsection 605(a) of the FCRA precludes a consumer reporting agency from including in a consumer report (1) records of arrest that from the date of entry antedate the report by more than seven years or until the governing statue of limitations has expired, whichever is longer, and (2)

any other adverse item of information(other than records of conviction of crimes) that antedate the report by more than seven years. 15 U.S.C. subsection 1681c(a)(2), (5).

17.    Defendants report, (Exhibit A) violated the above stated provisions of the federal law in that, the report they generated and submitted to their client, shows convictions on the Plaintiff that antedate the report by more than seven years. No exemption was noted or raised by the Defendants in which "records of arrest that from the date of entry antedate the report by more than seven years or until the governing statue of limitation has expired, whichever is longer." FCRA subsection 605(a) By and through these erroneous practices of reporting by the Defendant, Plaintiff was terminated from his employment and an adverse letter dated April 2, 2025, was based on the direct consumer report generated by the Defendant.

18.    Defendant initiated their Pre-Adverse Action consumer report on March 18, 2025, with a "LEVEL 3" marking, which they deem is based "solely on an end-user's criteria" (See exhibit A attached hereto) fails muster because Defendants don't detract the labialization when the consumer report is given to the client, the client was not the "end-user" that made the designation. Each of the convictions contained in the consumer report generated by the Defendant, which was cause for Plaintiff being terminated from his employment, violated FCRA subsection 605(a) which precludes a consumer reporting agency from including in a consumer report (1) records of arrest that from the date of entry antedate the report by more than seven years.

19.    Defendants had a final consumer report generated on plaintiff which was premised on Plaintiff being a registered sex offender, dated March 26, 2025. Said report was released to their client and immediately Plaintiff was terminated by the Assistant Director, to which he called Plaintiff on his phone and stated: "whatever you are doing right now, stop. I need you to come to the office immediately." As Plaintiff did so and went to the office, he was then told by the Assistant Director, "you are being terminated." Nothing specific was stated as reason when Plaintiff was terminated. Plaintiff had already been working for Aimbridge Hospitality for three plus weeks.

20.    It is worth noting, Plaintiff's conviction associated with the sex offender registration dates to 1984, the classification status of the registration by the State of North Dakota where the Plaintiff has lived since 2011, is Level1, the lowest classification designated, The defendants make no mentioning of verification of the conviction date, nor the level of classification of the Plaintiff on the sex offender registration in their consumer report given to their client which directly impacted Plaintiff's employment, adversely affecting said employment with a termination well before any opportunity to make a dispute could occur.

## CLAIMS FOR RELIEF

### COUNT I – WILLFUL VIOLATION OF FCRA (15 U.S.C. §1681e(b))

21.    Sterling failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports, resulting in the publication of inaccurate and damaging information about Plaintiff.

22.    Because Sterling has been repeatedly warned, penalized, and ordered to correct its practices, its conduct constitutes a willful violation of the FCRA.

20.    Plaintiff seeks statutory damages of $10,000 to $30,000 per violation, punitive damages, actual damages, and injunctive relief.

### COUNT II – WILLFUL VIOLATION OF FCRA (15 U.S.C. §1681k)

23.    Sterling failed to provide Plaintiff with contemporaneous notice at the time it furnished the background report to Plaintiff's employer, as required by 15 U.S.C. §1681k(a)(1).

24.    Sterling's failure to provide such notice was part of a systemic and willful disregard of FCRA compliance obligations.

### COUNT III – NEGLIGENT VIOLATION OF FCRA (15 U.S.C. §1681o)

25.    In the alternative, Sterling acted negligently in failing to comply with FCRA's requirements.

26.    As a direct and proximate result of Sterling's negligence, Plaintiff suffered actual damage including, but not limited to, loss of employment, loss of wages, reputational harm, and emotional distress.

## COUNT IV- VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

27. FCRA requires consumer reporting agencies to follow reasonable procedures to assure maximum possible accuracy of the information contained in consumer reports. 15 U.S.C. subsection 1681e(b).

28. By and through the acts and practices described in this complaint, defendant violated subsection 607(b) of the FCRA, 15 U.S.C. subsection 1681e(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Sterling as follows:

a. Award actual damages to Plaintiff;

b. Award statutory damages of $10,000 to $30,000 per violation;

c. Award punitive damages for Sterling's willful conduct.

d. Impose civil money penalties against Defendant in favor of Plaintiff

e. Award attorney's fees and costs of this action;

f. Plaintiff would ask that the Court enter a permanent injunction requiring Sterling to implement proper FCRA compliance procedures; but, Defendant has yet to comply with any injunction so it is safe to assume they would do the same here.

g. Award any other relief the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Roy W. Brooks, Pro Se
1516 N 19th Street
Bismarck ND 58501
701-946-4870
Bismarck, ND
Pro Se Plaintiff

Defendant
Sterling Infosystem, Inc.
249 W 17th Street
6th Floor
New York, NY 10011

Date: October 20, 2025