**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Roy W. Brooks, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Sterling Infosystems, Inc., | ) | Case No.1:25-cv-246 |
| | ) | |
| Defendant. | ) | |

Plaintiff initiated the above-captioned action *pro se* and *in forma pauperis* on October 24, 2025. (Doc. Nos. 1, 3 and 4). The court reviewed Plaintiff's complaint. Unprepared to conclude that the complaint was devoid of any cognizable claims, the court issued an order on February 23, 2026, directing "the Clerk's office to effectuate service of the summons and complaint upon Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure and, if necessary, that the service be made by the United States Marshals Service." (Doc. No. 6). That same day the Clerk's office issued a summons, which it sent to Defendant along with a copy of the complaint via certified mail with return receipt requested.

On April 8, 2026, Plaintiff filed a Motion for Entry of Default. (Doc. No. 8). That same day the Clerk's office entered default against Defendant pursuant to Fed. R. Civ. P. 55(a). (Doc. No. 9).

On April 10, 2026, Plaintiff filed a Motion for Partial Summary Judgment along with, among other things, a supporting memorandum, a statement of undisputed facts, a supplemental brief regarding the Clerk's entry of default, and a certificate of service reflecting that Plaintiff had sent the aforementioned documents to the Clerk's office for filing and service. (Doc. Nos. 10 through 12).

There is nothing in the record to reflect that Defendant has been properly served with process. Although a summons and copy of Plaintiff's complaint were sent to Defendant via certified mail, the Clerk's office has yet to receive a return receipt and no one has otherwise entered an appearance on Defendant's behalf. As it does not appear that Defendant has been properly served, the court **ORDERS** that service on Defendant be made by the United States marshal or deputy marshal. Fed. R. Civ. P. 4(c)(3). In the interim, the court shall defer ruling on Plaintiff's motion for partial summary judgment.

**IT IS SO ORDERED.**

Dated this 13th day of April, 2026.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court