**IN THE UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Roy W. Brooks, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Sterling Infosystems, Inc., | ) | Case No. 1:25-cv-246 |
| | ) | |
| Defendant. | ) | |

Plaintiff Roy W. Brooks ("Brooks") initiated the above captioned action against Defendant Sterling Infosystems, Inc. ("Sterling") on October 24, 2025, with the submission of an application to proceed *in forma pauperis* and complaint.   (Doc. No. 1). The court granted the application and ordered the Clerk's office to serve Sterling with a summons and copy of the complaint.  (Doc. Nos. 3 and 6). As of April 13, 2026, the Clerk's office had been unable to effectuate service. Consequently, the court issued an order directing the United States Marshals Service ("USMS") to serve Sterling. (Doc. No. 13). On May 5, 2026, the USMS returned the summons unexecuted. (Doc. No. 14). In so doing it noted that Sterling was not located at the address that it had been provided. (Id.).

On May 12, 2026, Brooks filed a "Motion for Leave to Amend/Correct the Address Location of the Defendant's place of Business."  (Doc. No. 15). First, he advised that he recently learned that "the acquisition between Sterling Infosystems, Inc., and First Advantage Corporation on October 31, 2025, effectively made Sterling Infosystems, Inc. into First Advantage Corporation." (Id.). Next, invoking Rule 15 of the Federal Rules of Civil Procedure, he requested "leave allowing service to commence at" First Advantage Corporation's Atlanta, Georgia, address. (Id.).

1

Rule 15 governs amended and supplemental pleadings. It provides that, prior to trial, "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).   It further provides that, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Here, it does not appear that service of process on Sterling has been effectuated. In any event, Sterling has yet to enter an appearance and file an answer or otherwise respond to Brooks's complaint.  Consequently, under Rule 15, Brooks may amend his pleadings once as a matter of course.

Turning to the substance of Brooks's motion, it is not entirely clear whether Brooks is asserting that First Advantage Corporation acquired Sterling. It is also unclear whether Brooks seeks to join First Advantage Corporation as an additional defendant or substitute First Advantage Corporation in place of Sterling as the sole defendant in this matter. What is clear is that Sterling is at present the only named defendant and that First Advantage Corporation is not presently a party to this action.

Given Brooks's invocation of Rule 15, the court construes his motion as a request for leave to file an amended complaint. In so doing, the court notes that Brooks has not attached a proposed amended complaint to his motion as required by this district's local rules. See D.N.D. Civ. L.R. 7.1(A)(5) ("A party moving or stipulating to amend or supplement a pleading must file a version of the amended or supplemental pleading that identifies proposed changes.").

As Brooks could have amended his pleadings as a matter of course without first obtaining leave, the court shall in this instance relieve Brooks of his obligation under the local rules to submit a proposed amended pleading and **GRANTS** his request for leave to file an amended complaint. (Doc. No. 15). Brooks shall have until May 29, 2026, to file an amended complaint that clarifies whether First Advantage Corporation is an additional defendant or is being substituted in place of Sterling. Brooks should be mindful that the amended complaint becomes the operative pleading once filed, meaning it completely replaces the original complaint. The amended complaint should therefore name all defendants and set forth all of Brooks's claims. Upon receipt, the amended complaint shall be subject to court review pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED.**

Dated this 14th day of May, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

3