**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Roy W. Brooks, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER SETTING ASIDE ENTRY** |
| | ) | **OF DEFAULT AND DENYING** |
| v. | ) | **MOTION FOR PARTIAL SUMMARY** |
| | ) | **JUDGMENT** |
| Sterling Infosystems, Inc, | ) | |
| now part of First Advantage Corporation, | ) | Case No.: 1:25-cv-00246 |
| | ) | |
| Defendant. | ) | |

Plaintiff Roy W. Brooks ("Plaintiff") initiated the above-titled action *in forma pauperis* by Complaint against Defendant Sterling Infosystems, Inc. ("Defendant") in October of 2025. (Doc. Nos. 3, 4). On February 23, 2026, the court ordered the Clerk's Office to effectuate service of the summons and complaint on Defendant. (Doc. No. 6). While the summons was issued as to Defendant the same day, there has been nothing in the record to reflect that Defendant had been properly served, and no return receipt was received by the Clerk's Office. Accordingly, on April 13, 2026, the court ordered that service of process on Defendant be made by the United States Marshal Service. (Doc. No. 13). On May 5, 2026, the summons was returned unexecuted, with the notation that Defendant was not located at the address provided. (Doc. No. 14).

On May 12, 2026, Plaintiff requested leave to correct the address of Defendant's place of business, advising that there had been an acquisition between Sterling Infosystems, Inc. and First Advantage Corporation on October 31, 2025. (Doc. No. 15). On May 14, 2026, the court granted Defendant's motion. (Doc. No. 16). Defendant provided the amended address and successor identification on May 19, 2026, and on May 21, 2026, the court directed the Clerk's Office to serve Defendant at the corrected address. (Doc. Nos. 17, 20). The summons was issued on May 21, 2026,

and returned executed on June 10, 2026. (Doc. Nos. 21, 22). Defendant has until August 7, 2026, to answer or otherwise respond to Plaintiff's complaint. (Doc. No. 22).

Meanwhile, on April 8, 2026, Plaintiff filed a motion for entry of default. (Doc. No. 8). The Clerk's office entered default against Defendant that same day. (Doc. No. 9). On April 10, 2026, Plaintiff filed a *Motion for Summary Judgment* and corresponding brief. (Doc. Nos. 10, 11). Within his motion, Plaintiff requested the court grant his motion for partial summary judgment as to willfulness under 15 U.S.C. § 1681n and for the court to take judicial notice of the entry of default when making its determination. (Doc. No. 10 at 1-2).

The court first turns to the issue of default. Federal Rules of Civil Procedure 55 requires that the clerk enter default against a party who has failed to plead or otherwise defend, and such a failure is shown by affidavit or otherwise. Fed. R. Civ. P. 5(a). Rule 4 further dictates service of process. Pursuant to this rule,

> Service [by certified mail] shall not be the basis for entry of a judgment by default unless the record contains a return receipt signed by the addressee or the agent of the addressee or a returned envelope, postal document; A United States Postal Service Form 3811 (Domestic Return Receipt-green card) executed as provided in the United States Postal Service procedures in place at the time of service; or an affidavit by a postal employee reciting or showing refusal of the mailed process by the addressee. Failure to claim mail does not constitute refusal for purposes of this paragraph.

Fed. R. Civ. P. 4(g)(1)(A)(ii). The court also has authority in certain instances to order service by any method reasonably calculated to apprise the defendant of the action. Fed. R. Civ. P. 4(g)(4).

In instances of service by certified mail, as is the case here, the record must contain a return receipt or other document as defined in Rule 4. Without such documentation in the record, service by certified mail cannot be the basis for entry of default judgment. As previously addressed by this court, the first issuance of the summons on February 23, 2026, was done by certified mail. (Doc. No. 7). No return receipt was returned to the court or filed in the docket. On April 13, 2026, the

2

court directed that a representative of the United States Marshal Service effectuate service. (Doc. No. 13). The United States Marshal Service later filed an unexecuted summons with the court, advising that Defendant was not located at the provided address. (Doc. No. 14). Finally, after Plaintiff was permitted to amend Defendant's address, another summons was issued and later returned executed. (Doc. Nos. 17, 21, 22).

While Plaintiff made his motion for entry of default on April 8, 2026, after the issuance of the first summons, the first summons cannot serve as a basis for entry of default. Because this summons was issued by certified mail and no return receipt was received, there is no basis for default as prescribed by Rule 4(g)(1)(A)(ii). There is also no basis for entry of default as to the unexecuted summons provided by the United States Marshal Service. Because the summons was returned unexecuted, and Defendant was not located at the provided address, they were not properly served. *See Moore v. Campbell*, No. 5:11CV00137 JMM/JTR, 2011 WL 4018164, at *1-2 (E.D. Ark. Aug. 23, 2011), *report and recommendation adopted*, No. 5:11CV00137 JMM/JTR, 2011 WL 4018129 (E.D. Ark. Sept. 12, 2011) ("On July 28, 2011, service on Defendant McKenzie was returned unexecuted because she no longer works for Correctional Medical Services, Inc. ("CMS"). On the same day, service on Defendant Campbell was returned unexecuted because he has never worked for CMS…. On August 19, 2011, the Court issued an Order: (1) directing the U.S. Marshals to serve Defendant McKenzie at her sealed private address; and (2) giving Plaintiff sixty days to provide a valid service address for Defendant Campbell. Thus, Defendants McKenzie and Campbell are not in default because they have not yet been properly served." (internal citations omitted)).

Also notable is the requirement that the plaintiff bear the burden of prosecuting their case, to include the effectuation of service on a defendant. While the United States Marshal Service and

the court may assist, and have assisted in this matter, the ultimate responsibility of ensuring proper effectuation of service is that of the plaintiff. *Vickerman v. Vermillion*, No. 1:25-CV-073, 2026 WL 77400, at \*1 (D.N.D. Jan. 9, 2026) (collecting cases). This includes providing correct information for service.

As to the third and final summons, upon Plaintiff providing the Defendant's correct address, the summons was distributed by certified mail and later returned executed. (Doc. No. 22). Defendant has until August 7, 2026, to answer or otherwise respond to Plaintiff's complaint. (*Id.*). Because Defendant's deadline to answer or otherwise respond to the complaint has not passed, Plaintiff cannot use Rule 55 as a method of obtaining default judgment as there has been no failure to plead or otherwise defend on the part of Defendant. *See* Fed. R. Civ. P. 55(a).

A court, for good cause shown, may set aside an entry of default. Fed. R. Civ. P. 55(c). To determine whether there is good cause, "[the Eighth Circuit] and others have looked at whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998). Defendant is neither blameworthy nor culpable, as it was not properly served by Plaintiff until the issuance of the May 21, 2026, summons, and upon return of the executed summons on June 10, 2026. (*See* Doc. Nos. 21, 22). Rule 4 requires that service on corporations be on its registered agent for service of process, or the agent's secretary or assistant; any officer of the corporation, or the officer's secretary or assistant; a managing or general agent of the corporation, or the agent's secretary or assistant; any agent authorized by law or by appointment to receive service of process; or as provided by statute. Fed. R. Civ. P. 4(f)(5). Because the court and the United States Marshal Service was not provided the correct address, instead providing an address where Defendant was not

located, default cannot be entered based on a failure to respond after not being properly served. Moreover, no prejudice will result were the entry of default set aside. This matter has not progressed due to repeated failures to serve Defendant. Because Defendant has now been properly served, their answer is not due until August 7, 2026, meaning that there has been no opportunity for Defendant to have failed to plead or otherwise defend this matter. As such, the entry of default must be set aside.

Finally, the court turns its attention to Plaintiff's *Motion for Partial Summary Judgment*. (Doc. No. 10). While noting that Plaintiff captioned his motion as a "Motion for Partial Summary Judgment on Willfulness," it is unclear as to whether Plaintiff actually seeks partial summary judgment, or the issuance of default judgment based on his request the court take notice of the entry of default. Either way, the court is inclined to deny the motion without prejudice. Plaintiff argues that because Defendant is in default, "all well-pleaded factual allegations in Plaintiff's Complaint and supporting filings are deemed admitted." (Doc. No. 11 at 1). Based on this entry of default, Plaintiff contends there is no genuine dispute of material facts, which further supports the court granting his motion for partial summary judgment. (*Id.* at 2).

If the motion were construed as a request for issuance of default judgment, such a request is denied as the entry of default must be set aside for the reasons articulated above. In the event Plaintiff did intend the motion to be for partial summary judgment, it must be denied for similar reasons. In support of his motion, Plaintiff submitted a brief. Within his brief, Plaintiff argued that summary judgment is appropriate when there is no genuine issue of material fact, and because default has been entered, there can be no factual dispute. (Doc. No. 11 at 3). Because entry of default must be set aside, and without considering whether there is a genuine issue of material fact,

the court shall deny the motion. Plaintiff may bring the appropriate motion after Defendant is provided with an opportunity to answer or otherwise respond to the complaint.

For the reasons articulated above, the court **SETS ASIDE** the entry of default (Doc. No. 9), and **DENIES** without prejudice Plaintiff's motion for partial summary judgment. (Doc. No. 10).

**IT IS SO ORDERED.**

Dated this 24th day of July, 2026.

*/s/ Clare R Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court